# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS RUIZ VELAZQUEZ | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-04552 |
| | : | |
| WARDEN OF FEDERAL DETENTION | : | |
| CENTER PHILADELPHIA, et al., | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 6th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1) and the Government's Letter dated July 2, 2026 (ECF No. 3), **IT IS**

**HEREBY ORDERED** as follows:

1. The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Velazquez is a citizen of Guatemala who entered the United States through the United States–Mexico border in approximately 2000 and has remained in the country continuously since that time. *See* Verified Pet. for Writ of Habeas Corpus ("Habeas Pet.") ¶¶ 26-28 (ECF No. 1). Mr. Velazquez has resided in the United States continuously for more than two decades and is the father of United States citizen children. *See id.* On June 28, 2026, officers with Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") detained Mr. Velazquez while attempting to locate a different individual whom they had mistakenly believed to be Mr. Velazquez. *See id.* at p. 2. According to the petition, Mr. Velazquez was unlawfully detained during the encounter. *See id.*

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Velazquez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Velazquez's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government also mentions in a footnote that it is appealing *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454 (3d

2.    Mr. Velazquez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.    The Government shall **RELEASE** Mr. Velazquez from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on July 8, 2026**;

4.    If the Government chooses to pursue re-detention of Mr. Velazquez pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.    The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Cir.), and *Buele Morocho v. Warden Philadelphia FDC, et al.*, No. 26-1150 (3d Cir.), but those matters remain pending. *See* Letter from Viveca D. Parker, Assistant United States Attorney, to Judge John M. Gallagher (July 2, 2026) (ECF No. 3).

Accordingly, Mr. Velazquez's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.